UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CAFE PATACHOU AT CLAY TERRACE, LLC, <br> MONON HOLDING, LLC, <br> NAPOLESE AT 30 SOUTH, LLC, <br> NAPOLESE OF KEYSTONE CROSSING, LLC, <br> NAPOLESE, LLC, <br> PATACHOU, INC., <br> PATACHOU AT 49TH AND PENN, LLC, <br> PATACHOU AT HAZEL DELL, LLC, <br> PATACHOU ON THE PARK, LLC, <br> PATACHOU PROVISIONS, LLC, <br> PETITE CHOU AT BROAD RIPPLE, LLC, <br> PUBLIC GREENS CHQ, LLC, <br> PUBLIC GREENS FASHION MALL, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CITIZENS INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 1:20-cv-01462-SEB-DLP |

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**

This cause is before the Court on Plaintiffs' Motion to Remand [Docket No. 11], filed on June 19, 2020. Plaintiffs, collectively referred to as "Patachou," are the owners and operators of twelve restaurants based in Carmel and Indianapolis, Indiana. Compl. ¶¶ 2-14. Patachou has brought a declaratory judgment action, originally filed in Marion Commercial Court (Indiana) against Defendant, Citizens Insurance Company of America ("Citizens"), seeking "a judgment declaring the scope of Citizens' obligation to pay

1

Patachou's losses under a commercial property insurance policy related to the novel coronavirus and COVID-19 pandemic." *Id.* ¶ 1. Citizens subsequently removed the case to this court based on diversity jurisdiction regarding which Plaintiff has sought a remand. For the reasons detailed below, we DENY Plaintiffs' Motion to Remand.

**Factual Background**

As the seriousness of the COVID-19 pandemic became increasingly apparent in March 2020, Indiana Governor Eric Holcomb issued a series of executive orders with the goal of slowing the spread of the virus. *Id.* ¶¶ 26-30. Pursuant to that governmental strategy, on March 16, 2020, Gov. Holcomb issued Executive Order 20-04, which temporarily closed all restaurants, bars, and nightclubs to in-person patrons, but allowed them to provide take-out and delivery services to their customers. *Id.* ¶ 26. A week later, on March 23, 2020, Executive Order 20-08 ordered all individuals living in Indiana to stay at home through at least April 6, 2020,[1] with limited exceptions. *Id.* ¶ 28. Under this stay at home order, restaurants were permitted to continue to provide take-out and delivery services, but food sold under this exemption could not be eaten at the site "due to the virus's propensity to physically impact surfaces and personal property." *Id.* ¶ 28.

Patachou operates twelve restaurants in Carmel and Indianapolis,[2] and was required to close eleven of them during the week following issuance of Executive Order

---

[1] This order was later extended through April 20, 2020.
[2] Plaintiff, Patachou, Inc., is the sole member of plaintiffs Cafe Patachou at Clay Terrace, LLC; Monon Holding, LLC; Napolese at 30 South, LLC; Napolese of Keystone Crossing, LLC; Napolese, LLC; Patachou, Inc.; Patachou at 49 and Penn, LLC; Patachou at Hazel Dell, LLC;

20-04. *Id.* ¶¶ 18, 27. Patachou is insured by Citizens under a commercial property policy, and takes the view that "the policy provides coverage for the losses suffered by Patachou when it was forced to close its restaurants, including the loss of 'Business Income' sustained due to the necessary 'suspension' of Patachou's 'operations.'" *Id.* ¶¶ 31-32. Specifically, Patachou maintains that its losses are covered by the Business Income and Extra Expenses Coverage Form portion of the Policy, which provides:

> We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to property at "premises" which are described in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss.

*Id.* ¶ 38. On March 20, 2020, Patachou submitted a claim for loss under the insurance policy, but Citizens has denied the claim. *Id.* ¶¶ 34-35.

Patachou subsequently initiated this lawsuit in Marion Commercial Court (Indiana) seeking declaratory relief pursuant to Indiana Code § 34-14-1-1 and Rule 57 of the Indiana Rules of Trial Procedure. *Id.* ¶ 42. Citizens, a Michigan corporation, *id.* ¶ 15, timely removed the lawsuit to this court based on diversity jurisdiction under 28 U.S.C. § 1332. Patachou does not contest that the Parties are citizens of different states or that the amount in controversy exceeds $75,000 exclusive of interests and costs. *See* Pls.' Br. Supp. Mot. Remand. Nevertheless, Patachou filed a Motion to Remand contending that

---

Patachou on the Park, LLC; Patachou Provisions, LLC; Petite Chou at Broad Ripple, LLC; Public Greens CHQ, LLC; and Public Greens Fashion Mall LLC. *Id.* ¶¶ 2-14.

this court should decline to exercise jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* ("DJA"), pursuant to its discretionary powers on the grounds that this case presents novel state-law issues more appropriately addressed and resolved by a state tribunal. We address this contention below.

## Legal Analysis

### I. Standard of Review

The federal removal statute, 28 U.S.C. § 1441(a), "permits a defendant to remove a civil action from state court when a district court has original jurisdiction over the action." *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (citations omitted). Therefore, in deciding whether to remand a case, courts "must resolve any doubts about jurisdiction in favor of remand." *D.C. v. Abbot Labs. Inc.*, 323 F. Supp. 3d 991, 993 (N.D. Ill. 2018) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009)).

### II. Discussion

We begin by noting that removal of this case was indisputably proper given our clearly established diversity jurisdiction. It could have originated in this court, and Patachou acknowledges as much when it does not contest that the requirements for diversity jurisdiction are met. Complete diversity among the parties coupled with the

amount in controversy which exceeds $75,000 exclusive of interests and costs have been established.

Patachou nonetheless seeks a remand of the case arguing that the questions presented involve important matters of state law and that the Declaratory Judgment Act ("DJA") gives the court discretion to decline to hear such a case even where the court otherwise would have a "virtually unflagging obligation . . . to exercise the jurisdiction given [to it]." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Citizens responds by noting that there is no parallel state court action; therefore, it would be improper for the Court not to exercise jurisdiction. Citizens also argues that while some of the factual circumstances in this case are novel, the legal issues presented are not. We agree with Citizens's assertions and therefore deny Patachou's motion to remand.

The DJA invests district courts with discretion to declare the rights of litigants. *See* 28 U.S.C. § 2201(a); *Medical Assur. Co. v. Hellman*, 610 F.3d 371, 377-78 (7th Cir. 2010). Discretion also exists under the DJA according to which a district court may decline to hear certain cases. *Hellman*, 610 F.3d at 379.  In this context, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). However, "[a]lthough district courts enjoy some discretion over requests for declaratory judgments, that discretion is not unlimited." *Hellman*, 610 F.3d at 373. "[I]f the declaratory judgment will clarify and settle the

disputed legal relationships and afford relief from the uncertainty and controversy that created the issues, it is usually resolved rather than dismissed." *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 578 (7th Cir. 1994) (citation omitted).

So far as we have been informed, this case does not involve a related or "parallel" proceeding pending in state court. In other DJA cases, the existence of a parallel or related state proceeding often gives rise to concerns of comity and efficiency. *See, e.g.*, *Medical Assur. Co. v. Hellman*, 610 F.3d at 378-80; *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692-94 (7th Cir. 1995). Citizens argues that Seventh Circuit jurisprudence requires retention in the absence of a parallel state proceeding; however, as Patachou rejoins, the Seventh Circuit has stated that "[e]ven if there is no parallel proceeding, the district court still has discretion to decline to hear a declaratory judgment suit." *Hellman*, 610 F.3d at 379 (citations omitted).

The Seventh Circuit's decisions in *Helman* and *Zavalis* suggest that exercising jurisdiction is generally appropriate when the federal proceeding would not interfere with a related state court proceeding. *See Hellman*, 610 F.3d at 381-82 (holding that district court abused its discretion when it stayed a declaratory judgment action that was "sufficiently distinct from the issues that have arisen thus far in the state proceedings"); *Zavalis*, 52 F.3d at 693, 695, 697 (affirming in part district court's decision to dismiss request for declaration as to duty to indemnify because "resolution of that duty would necessarily require it to address a factual question at the heart of the University's state

court action," but vacating in part and remanding as to district court's dismissal of request as to duty to defend because "that duty can be ascertained without the need to resolve facts that are at issue in the underlying tort suit"). Because, clearly, an adjudication in the federal proceeding will never interfere with the state court proceeding when no related state court action exists, concerns about comity and duplicative litigation are less present in such cases. Thus, the absence of a related state action, though not dispositive, weighs in favor of retention. *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 392-394 (5th Cir. 2003).

We turn next to the other factors a district court is directed to consider when determining whether to hear a case under the DJA. *See Zavalis*, 52 F.3d at 692. In *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, the Seventh Circuit laid out the following five considerations:

> (1) whether the judgment would settle the controversy;
>
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
>
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
>
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction, and
>
> (5) whether there is an alternative remedy that is better or more effective.

28 F.3d at 579 (quoting *Nationwide Mut. Fire Ins. Co. v. Willenbrink*, 924 F.2d 104, 105 (6th Cir. 1991)). Patachou does not argue that the judgment would not settle the

7

controversy or that Citizens has engaged in "procedural fencing." Rather, Patachou asserts that the other three factors weigh in favor of remand, primarily because the issues presented are state law issues ostensibly of first impression.

According to Patachou, the judgment would not serve a useful purpose in clarifying the legal relations at issue, because "it would encroach on the state courts' responsibility to determine Indiana law [on matters of first impression]." Pls.' Br. Supp. Mot. Remand, at 7-8. Similarly, Patachou argues that because "[n]o Indiana court has decided a case about insurance coverage in COVID-19 cases," it would encroach upon state jurisdiction and increase the friction between federal and state courts if this court were to exercise jurisdiction. *Id.* at 9.

As we have acknowledged, the factual circumstances of this case may be novel, but in our view Citizens is quite right in stating that "State and federal courts in Indiana have regularly interpreted insurance policies and applied them to specific fact patterns." Def.'s Resp. Opp'n Pls.' Mot. Remand, at 10. "[A]n insurance policy is a contract and subject to the normal analysis accorded contractual language used in other contracts." *Hartford Cas. Ins. Co. v. Evansville Vanderburgh Public Library*, 860 N.E.2d 636, 645 (Ind. Ct. App. 2007) (citing *Morris v. Econ. Fire & Cas. Co.*, 848 N.E.2d 663, 666 (Ind. 2006)). Federal courts regularly interpret such contracts under the laws of Indiana in a myriad of factual scenarios. *See, e.g.*, *G&S Metal Consultants, Inc. v. Cont'l Cas. Co.*, 200 F. Supp. 3d 760 (N.D. Ind. 2016); *Advanced Radiant Sys., Inc. v. Peerless Indem. Ins. Co.*, No. 1:14-cv-01943-JMS-DML, 2016 WL 1117759, at *1 (S.D. Ind. March 22,

2016); *Ports of Indiana v. Lexington Ins. Co.*, 2011 WL 5523419, at *1 (S.D. Ind. Nov. 14, 2011). Moreover, even if the questions were novel, "this Court is also capable of deciding novel and complex state law issues." *Lusher Site Remediation Grp. v. Nat'l Fire Ins. Co. of Hartford*, No. 1:18-cv-03785-JRS-DLP, 2019 WL 3811926, at *1, 2 (S.D. Ind. Aug. 14, 2019). A declaratory judgment in this case would clarify the legal relations at issue by determining the scope of Citizens's obligations under the insurance policy, and that judgment would not encroach upon state court jurisdiction any more than any other diversity case.

Finally, Patachou argues that remand is preferable because the remedy handed down by a federal court would be less effective than a declaratory judgment issued by a state court, because, if the case proceeds to federal appellate review, the scope of review will likely be limited to "the law under the same *Erie* framework as (would be applied by) this Court." Pls.' Br. Supp. Mot. Remand, at 9-10. Of course, this is true of any decision by a federal court sitting in diversity. Whatever strategic preferences Patachou may have regarding an appeal in state court, it's right to appeal in federal court—including by seeking certification to the Indiana Supreme Court—is unimpaired. Pls.' Br. Supp. Mot. Remand, at 10-11. We are not persuaded that this reason suffices to justify a decision that we should or must decline to exercise federal diversity jurisdiction.

## **Conclusion**

We hold that a judgment in this case would clarify the legal obligations of the Parties and not intrude upon any related state court action; therefore, we find no reason to

9

exercise the discretion afforded by the DJA to decline to hear the case. This court has diversity jurisdiction under 28 U.S.C. § 1332 and removal was accordingly proper. Thus, we **DENY** Plaintiff's Motion to Remand. [Docket No. 11]. This case shall proceed accordingly.

    IT IS SO ORDERED.

Date: 8/11/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gregory M. Gotwald
PLEWS SHADLEY RACHER & BRAUN LLP
ggotwald@psrb.com

Christopher Edward Kozak
PLEWS SHADLEY RACHER & BRAUN LLP
ckozak@psrb.com

Ryan Taylor Leagre
PLEWS SHADLEY RACHER & BRAUN
rleagre@psrb.com

William K. McVisk
TRESSLER LLP
wmcvisk@tresslerllp.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN LLP
gplews@psrb.com

Todd Stewart Schenk
TRESSLER SODERSTROM MALONEY & PRIESS
tschenk@tresslerllp.com